NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER LEVKOVSKY, : | |
| Plaintiff, : | Civil Action No. 12-1007 (JAP) |
| v. : | |
| NEW JERSEY ADVISORY : | **OPINION** |
| COMMITTEE ON JUDICIAL : | |
| CONDUCT, et al., : | |
| Defendants. : | |

This matter comes before the Court on the motion of Defendants New Jersey Advisory Committee on Judicial Conduct ("ACJC") and the Office of the Clerk of the New Jersey Supreme Court (collectively, "Defendants") to dismiss Plaintiff Alexander Levkovsky's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes the motion. For the reasons set forth below, the Court will grant Defendants' motion to dismiss.

**I.   BACKGROUND**[1]

This action emanates from a proceeding Plaintiff commenced in New Jersey Tax Court in 2010. Following the conclusion of the trial in that matter, Plaintiff filed a complaint with the ACJC against Judge Patrick DeAlmedia, the judge who presided over the trial, alleging various violations of New Jersey Court Rules and laws. On July 7, 2011, Plaintiff received a letter from the ACJC stating that it had not found a basis for a charge of improper judicial conduct against Judge DeAlmedia and would therefore not be instituting a formal disciplinary proceeding against

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from Plaintiff's Amended Complaint unless otherwise indicated; they do not represent this Court's factual findings.

him. Unsatisfied by that response, Plaintiff then made further demands to the ACJC and, on November 22, 2011, received a second letter, this time signed by John A. Tonelli, Executive Director of the ACJC, "confirming the content of the previous ACJC letter of July 7, 2011." Am. Compl. ¶ 6.

On December 30, 2011, Plaintiff submitted various documents to the Office of the Clerk of the New Jersey Supreme Court ("Clerk's Office") in an attempt to appeal the ACJC's actions. Specifically, by way of his submission, he demanded that the ACJC respond to his complaint in more detail and provide transcripts of its proceedings. On January 30, 2012, in response to his demands, Plaintiff received a letter from Mark Neary of the Clerk's Office. In the letter, Neary informed Plaintiff that the Clerk's Office could not locate the papers that Plaintiff indicated he had submitted, and that "[t]here is no procedure to challenge such a decision [of the ACJC] in the Supreme Court or any other forum." Am. Compl. ¶ 9.

On February 2, 2012, Plaintiff filed a Complaint with this Court, naming the ACJC and the Clerk's Office as defendants. After the instant motion to dismiss was filed on April 9, 2012, Plaintiff filed an Amended Complaint, adding John Tonelli and Mark Neary as defendants in the action.[2] Based upon their conduct as outlined above, Plaintiff alleges that all of the named defendants violated the Equal Protection Clause of the Fourteenth Amendment and numerous New Jersey Court Rules. He seeks a declaratory judgment confirming what he believes to be his

---

[2] Plaintiff's Amended Complaint is dated April 7, 2012, but was not filed until April 12, 2012. Other than adding the two individual defendants, it is identical to Plaintiff's original complaint. In that regard, although Defendants' motion to dismiss is addressed to Plaintiff's original complaint, "the court simply may consider the motion as being addressed to the amended pleading." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (3d ed. 2012). Indeed, doing so in the instant case is particularly appropriate because, as discussed herein, "some of the defects raised in the original motion remain in the new pleading." *Id.* ("[t]o hold otherwise would be to exalt form over substance"); *see also Sunset Fin. Res., Inc. v. Redevelopment Group V, LLC*, 417 F. Supp. 2d 632, 642 (D.N.J. 2006)(addressing arguments made in motion to dismiss as if they were directed to amended pleading); *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999); *MSA Prods. Inc. v. Nifty Home Prods., Inc.*, 2012 WL 2132464, at *1 n.1 (D.N.J. June 12, 2012).

constitutional rights in connection with both the ACJC's obligations to investigate and respond to his complaint and the Clerk's Office's obligation to register his appeal and place it on the docket. He further seeks a writ of mandamus compelling Defendants to satisfy those obligations and requests that the Court "officially inform Chief Justice of the New Jersey Supreme Court of numerous violations of State and Federal laws by Defendants." Am. Compl. ¶ 11.

## II.     STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims based on a lack of subject matter jurisdiction. Challenges to jurisdiction under 12(b)(1) may be either facial or factual. *Petruska v. Gannon Univ.,* 462 F.3d 294, 302 n.3 (3d Cir. 2006). A facial attack challenges the sufficiency of the pleadings, and the trial court "must consider the allegations of the complaint as true." *Id.* However, in a factual attack, plaintiff's allegations are afforded no presumption of truthfulness, *id.*, and the trial court may review evidence outside the pleadings. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The plaintiff bears the burden of establishing that jurisdiction exists. *Petruska*, 462 F.3d at 302 n.3.

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50)). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007); *United States v. Day,* 969 F.2d 39, 42 (3d Cir. 1992).

### III.   DISCUSSION

Defendants assert that they are entitled to immunity from Plaintiff's suit under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State,

or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  As developed, the Eleventh Amendment affords states and state agencies immunity from suits brought by citizens in federal court.  *MCI Telecom. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503-04 (3d Cir. 2001); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  That immunity is not absolute, however, and three primary exceptions have been established that limit the breadth of the Eleventh Amendment: (1) congressional abrogation; (2) waiver by the state; and (3) suits against individual state officers for prospective injunctive and declaratory relief.  *MCI*, 271 F.3d at 503.

Here, with regard to the ACJC and the Clerk's Office, none of the three exceptions to Eleventh Amendment immunity apply.  Indeed, Congress has not abrogated those entities' immunity from suit, including through the enactment of § 1983, *see Quern v. Jordan,* 440 U.S. 332, 340–41 (1979), and neither the ACJC nor the Clerk's Office consented to suit or waived their immunity.  *See MCI,* 271 F.3d at 503–04.  As a result, Plaintiff's claims against the ACJC and the Clerk's Office are barred by the Eleventh Amendment.  *See*, *e.g.*, *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009)(affirming dismissal of claims against ACJC on Eleventh Amendment immunity grounds); *Hunter v. Supreme Court of New Jersey*, 951 F. Supp. 1161, 1177 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (1997)(concluding that the ACJC and the New Jersey Supreme Court are entities entitled to Eleventh Amendment immunity).

In his opposition to Defendants' motion to dismiss, Plaintiff does not appear to dispute that the ACJC and the Clerk's Office are entitled to immunity.  Instead, he asserts that, by adding Tonelli and Neary as defendants in this action, he has implicated the third exception to Eleventh Amendment immunity and nullified Defendants' argument that "Plaintiff has not filed suit against any state official."  Pl.'s Opp. Br. at ¶ 10.  However, because it is well-settled that

"[i]ndividual state employees sued in their official capacity" are entitled to immunity from suit—as such suits "generally represent only another way of pleading an action against the state"—Plaintiff's claims against Tonelli and Neary are also barred by the Eleventh Amendment.[3] *Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 254 (3d Cir. 2010)(internal citations omitted); *MCI*, 271 F.3d at 506 ("*Young* does not apply if, although the action is nominally against individual officers, the state is the real, substantial party in interest and the suit in fact is against the state."); *Capogrosso*, 588 F.3d at 185 (affirming dismissal of claims against ACJC employees, including Tonelli, on Eleventh Amendment grounds).  Accordingly, Plaintiff's Amended Complaint must be dismissed in its entirety.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted.  Because the Court concludes that allowing Plaintiff further amendment would be futile—particularly because this dismissal is on immunity grounds and Plaintiff has already submitted an amended complaint—the dismissal is with prejudice.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)(a court need not permit a curative amendment if "amendment would be inequitable or futile").  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: August 27, 2012

---

[3] There can be no doubt that Plaintiff is suing Tonelli and Neary in their official capacities, as he refers to them in the Amended Complaint by their job titles, asserts that the reason he added them as defendants was because they signed the letters that form the basis of his complaint, and otherwise gives no indication that they are being sued in their personal capacities.  *See* Am. Compl.; Pl.'s Opp. Br. ¶ 2.  Moreover, in addition to being immune from suit under the Eleventh Amendment, Tonelli and Neary also appear to be entitled to quasi-judicial immunity.  *See Capogrosso*, 588 F.3d at 185 (concluding that, even if *pro se* complaint could be read to include claims against employees of ACJC in their individual capacities, they are entitled to quasi-judicial immunity and not subject to suit for injunctive relief); *Kwasnik v. LeBlon*, 228 F. App'x 238, 243-44 (3d Cir. 2007)(affirming dismissal of claims against court employees and finding that members of ACJC enjoy quasi-judicial immunity from suit); *Campbell v. Supreme Court of New Jersey*, 2012 WL 1033308, at *10-11 (D.N.J. Mar. 27, 2012)(concluding that Tonelli is entitled to quasi-judicial immunity from suit).